## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WEST SIDE COMMUNITY HOSPITAL, INC., An Illinois Corporation d/b/a SACRED HEART HOSPITAL, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:04CV3210 |
| v. | ) ) ) | |
| AMERICAN HEALTHNET, INC., A Nebraska Corporation, | ) ) ) ) | ORDER |
| Defendant. | ) ) | |
| AMERICAN HEALTHNET, INC., A Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:04CV9 |
| v. | ) ) ) | |
| WEST SIDE COMMUNITY HOSPITAL, INC., An Illinois Corporation d/b/a SACRED HEART HOSPITAL, | ) ) ) ) | ORDER |
| Defendant. | ) ) | |

Now pending before the court are the motions of American Healthnet, Inc. ("ANH") to compel discovery with respect to interrogatories and requests for production served on Westside Community Hospital, d/b/a Sacred Heart Hospital ("Sacred Heart") (#31 in 4:04CV3210; #76 in 8:04CV9). ANH has complied with NECivR 7.1(i). Sacred Heart filed a response in opposition to the motions (#81 in 8:04CV9). Having carefully considered the parties' written submissions, and taking judicial notice of the court file, I find that the motions to compel should be granted in part.

## DISCUSSION

ANH complains that Sacred Heart did not timely respond to the document requests and interrogatories served by ANH on September 18, 2004.

### A.  Requests for Production of Documents

On October 18, 2004, Sacred Heart[1] served responses to ANH's document requests, raising three general objections.[2]   Each individual response, however, indicates that "documents responsive to this request will be produced."  The general objections were timely made.  Sacred Heart was granted an extension of time to November 27, 2004 to produce the responsive documents.  Apparently, 1338 documents were produced on December 17, 2005.  Thus, ANH asks that Sacred Heart's objections be denied as untimely.  The objections themselves were not untimely, *see* Fed. R. Civ. P. 34(b).  The motion to strike the objections on grounds of timeliness will be denied.  Sacred Heart's objections will be deemed waived,

---

[1]The court takes judicial notice of the Notice filed by Sacred Heart on October 18, 2004 (#55 in 8:04CV9) that Sacred Heart "served its Objections to First Set of Interrogatories and its Response to Request for Production of Documents upon Plaintiff's attorneys, Gregory C. Scaglione and Heather S. Voegele, via United States regular mail, postage prepaid, on the 18th day of October, 2004."

[2]The use of general, reserved objections is disfavored:
Fed. R. Civ. P. 33(b)(4), governing interrogatories to parties, provides that "[a]ll grounds for an objection shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."  Congress added paragraph 4 in 1993 "to make clear that objections must be specifically justified, and that unstated or untimely grounds for objections ordinarily are waived."  Fed. R. Civ. P. 33 advisory committee notes (1993 Amend.).  The requirement that objections be stated with specificity appears contrary to the use of general objections to a set of interrogatories or requests.  Such general objections typically would not satisfy the specificity requirements of Rule 33.
*Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996).

however, because Sacred Heart has produced responsive documents over its own objections. This waiver shall be deemed to encompass Sacred Heart's duty to supplement its responses.

### B. Interrogatories

On October 18, 2005, Sacred Heart was granted an extension of time to November 27, 2004 to respond to ANH's interrogatories. *See* #56 in 8:04CV9. Sacred Heart actually served its answers on December 17, 2004 and served amended answers on January 28, 2005. Sacred Heart asserted specific and general objections. These objections will be deemed waived as untimely as to any information not involving a claim of privilege. *See Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co.*, 109 F.R.D. 12, 24 (D. Neb. 1984); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996); and *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988). Sacred Heart states in its brief that it has provided AHN with all non-privileged responsive documents and an affidavit (which is not of record) as to the completeness of its production. As to non-privileged information, Sacred Heart's objections will be deemed waived because Sacred Heart has responded to the interrogatories over its own objections.[3] This waiver shall be deemed to encompass Sacred Heart's duty to supplement its responses.

As to privileged information, by letter dated January 17, 2005, counsel for Sacred Heart advised AHN that Sacred Heart had withheld a "handful" of privileged documents, and

---

[3]The waiver of objections is, however, a rather academic matter since Sacred Heart agreed to fully answer each interrogatory to the extent the interrogatories did not seek protected or privileged information.

-3-

that Sacred Heart would, "of course, provide you with a privilege log" within the next fourteen days. (Filing 32-2). Although the privilege log[4] is not of record, the court assumes that it was served because AHN has referred to the document by offering its Evidence Index and AHN has not complained that a privilege log was not served.[5] Notwithstanding Sacred Heart's general waiver of objections due to untimely production, this court declines to order Sacred Heart to produce potentially privileged documents as a sanction for an unexcused three-week delay in responding to interrogatories. If ANH's attorneys believe the privilege was improperly asserted as to any document, or if Sacred Heart affirmatively seeks a protective order on grounds of privilege as to certain documents, the parties may file motions to that effect.

Turning to the general sufficiency of Sacred Heart's responses, Sacred Heart explains in its brief that it chose to respond to the interrogatories by producing business records pursuant to Fed. R. Civ. P. 33(d), which provides:

---

[4]Paragraph 3 of the Initial Progression Order provides:

**Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were given to them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

[5]In this motion, AHN is apparently arguing that production of the allegedly privileged documents should be compelled as a sanction for Sacred Heart's tardiness in responding to AHN's interrogatories. Sacred Heart's filing the privilege log would not necessarily have been responsive to this argument.

-4-

>Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.  A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

"To comply with the rule, the respondent must thus specifically designate what business records answer each interrogatory;  such records must contain the information sought by the interrogatory; and the burden of deriving the answer from them must be substantially the same for the party seeking the information as for the respondent."  *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. at 305.  Respondents "must identify in their answers to the interrogatories specifically which documents contain the answer.  Otherwise they must completely answer the interrogatories without referring to the documents.  They may produce their business records to answer part of an interrogatory, if they otherwise fully answer the other parts."  *Id*.

Obviously, Sacred Heart's original Answers to First Set of Interrogatories (#31-4, Ex. C) did not even begin to satisfy these requirements as to Interrogatories Nos. 3, 4, 6, 7, 8, 9, 10, 11, 12 and 15, in which Sacred Heart revealed only that "pursuant to Fed. R. Civ. P. 33(d), additional information responsive to this interrogatory may be derived or ascertained

from business records Sacred Heart is producing in response to AHN's Request for Production." Sacred Heart waited until January 28, 2005 before serving Amended Answers (#31-5, Ex. D) which specified particular responsive documents by page.

I believe Sacred Heart, in its Amended Answers, belatedly provided the responsive information in the form required by Rule 33(d). Since Sacred Heart has identified the responsive documents by page number, AHN should be able "to locate and to identify, as readily as can [Sacred Heart], the records from which the answer may be ascertained."

### ORDER

In summary, since Sacred Heart did, eventually, fully respond to AHN's discovery requests, the motion to compel will be denied as to content. The motion to compel will be granted in part as to issues of waiver and timeliness. Sacred Heart has waived all objections, except those based on privilege or work-product protection, to AHN's requests for production of documents and AHN's interrogatories because (a) Sacred Heart provided all responsive non-privileged documents over its own objections, (b) Sacred Heart answered AHN's interrogatories over its own objections, and (c) Sacred Heart's initial responses to AHN's interrogatories were untimely and incomplete and were not fully supplemented until January 28, 2005. The waiver of objections encompasses Sacred Heart's duty to supplement its responses to the document requests and the interrogatories.

To the extent the parties' dispute may involved privileged or protected information, the parties may raise those issues by separate motion with proper evidentiary submissions.

-6-

Finally, Fed. R. Civ. P. 37(a)(4)(A) provides that if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the court shall require the payment of reasonable expenses incurred in prosecuting the motion unless the responding party's actions were substantially justified or the circumstances make an award of expenses unjust.  I find that an award of expenses would be unjust in this instance and decline to enter such an award.

**IT IS SO ORDERED.**

**DATED May 17, 2005.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**